# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CIBER GLOBAL, LLC,** | : | |
| | : | |
| *Plaintiff,* | : | |
| | : | **Civil Case No.** 19cv5884 |
| **v.** | : | |
| | : | |
| **SAP AMERICA, INC.,** | : | |
| | : | |
| **Defendant.** | : | |

## COMPLAINT

Ciber Global, LLC (f/k/a HTC Global Ventures, LLC) ("Ciber Global") by and through undersigned counsel, for its Complaint, states and alleges as follows:

### PARTIES

1.      Plaintiff Ciber Global is a limited liability company organized under the laws of the State of Delaware and located at 3270 West Big Beaver Road, Troy, MI, 48084.

2.      Defendant SAP America, Inc. ("SAP") is a corporation organized under the laws of the State of Delaware and located at 3999 West Chester Pike, Newtown Square, PA 19073.

### JURISDICTION AND VENUE

3.      The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because Ciber Global is a citizen of the State of Michigan and SAP is a citizen of the State of Pennsylvania and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs. No member of Ciber Global is a citizen of the State of Pennsylvania.

4.      Venue in this district is proper under 28 U.S.C. § 1391(b)(1) because SAP is a resident of the State of Pennsylvania and located in the Eastern District of Pennsylvania.

## FACTUAL BACKGROUND

**A.    The Sale of Substantially All of the Debtors' Assets to Ciber Global.**

5.       On April 9, 2017 (the "Petition Date"), CIBER, Inc., CIBER International, LLC, and CIBER Consulting, Incorporated (collectively the "Debtors") commenced a voluntary chapter 11 bankruptcy proceeding in the jointly-administered case captioned *In re Ciber, Inc.*, Bky Case No. 17-10772 currently pending in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

6.       On April 10, 2017, the Debtor filed that certain *Motion for Entry of Orders (I)(A) Establishing Bidding Procedures Relating to the Sale of the Debtors' Assets, Including Approving a Break-Up Fee and Expense Reimbursement, (B) Establishing Procedures Relating to the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, Including Notice of Proposed Cure Amounts, (C) Approving Form and Manner of Notice Relating Thereto, and (D) Scheduling a Hearing to Consider the Proposed Sale; (II)(A) Approving the Sale of the Debtors' Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, and (B) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (III) Granting Related Relief* (the "Sale Motion") under which the Debtor proposed to sell substantially all of the Debtors' assets relating to the Debtors' North American business along with 100% of the capital stock in wholly-owned non-Debtor subsidiary CIBERsites India Private Limited (the "Purchased Assets").

7.       On May 19, 2017, the Bankruptcy Court entered that certain *Order (A) Approving the Sale of Debtors' Assets Free and Clear of All Liens, Claims, Encumbrances and Other Interests, (B) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto, and (C) Granting Related Relief* (the "Sale Order") under which the Bankruptcy Court approved the Debtors' sale of the Purchased assets to Ciber Global

DMEAST #38518139 v1

free and clear of all liens, claims, encumbrances, and interests.

8.      Under the Sale Order, the Purchased Assets shall have the meaning ascribed in Section 1.1 of the Asset Purchase Agreement.

9.      Pursuant to Article 1.1(c) of the Asset Purchase Agreement, the Purchased Assets include, inter alia, except as set forth on Schedule 1.1(c), all trade and non-trade accounts receivable, notes receivable and negotiable instruments of Seller related to the Business, including all accounts receivable with respect to customers in North America and India related to the Business, but excluding any intercompany Indebtedness, payables or receivables among Seller and its Affiliates (the "Accounts Receivable").

10.     Schedule 1.1(c) does not exclude any receivables owed by SAP from the definition of Accounts Receivable. As such, pursuant to the Asset Purchase Agreement, all Accounts Receivable owed to the Debtors by SAP are a Purchased Asset under the Asset Purchase Agreement, and collectable by Ciber Global.

**B.      SAP Releases Its Claims Against the Debtors and Successors.**

11.     On December 20, 2017, SAP entered into that certain Claims Settlement Stipulation between the Debtors and SAP America, Inc. (the "Settlement Agreement").

12.     On January 3, 2018, the Bankruptcy Court entered that certain Order Approving Claims Settlement Stipulation between the Debtors and SAP America (the "SAP Settlement Order").

13.     Under the terms and conditions of the Settlement Agreement, SAP agreed that it shall have an allowed unsecured non-priority claim against CMTSU Liquidation, Inc. (f/k/a Ciber, Inc.) in the amount of $5,715,000.00.

14.     Also under the terms and conditions of the Settlement Agreement, "[t]he terms of this Stipulation shall be in full and final satisfaction of any and all claims (as defined in section

101(5) of the Bankruptcy Code) and rights that SAP asserts, has or may have against the Debtors and their estates, and SAP waives, withdraws, releases and agrees not to assert any and all other claims (as defined in section 101(5) of the Bankruptcy Code) against the Debtors and their estates, including without limitation, any and all other proofs of claims, if any, which SAP has filed in the Debtors' Chapter 11 Cases."

15.     Finally, under the terms and conditions of the Settlement Agreement, "[t]his Stipulation shall be binding on any Chapter 11 Trustee, Chapter 7 Trustee, and any and all agents and successors in interest to the Debtors and their estates." Ciber Global is a successor in interest to the Debtors and their estates to the extent of the Sale Motion, Sale Order, Asset Purchase Agreement, Purchased Assets, and Accounts Receivable.

16.     The Debtor proposed a *Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code* (the "Plan") which was confirmed by the Bankruptcy Court on December 20, 2017.

17.     SAP was classified as a Class 3 – General Unsecured Claim and voted in favor of the Plan. Under the terms of the Plan, "[e]xcept to the extent that a Holder of an Allowed Claim in Class 3 agrees to a less favorable treatment of its Allowed Claim, in full and final satisfaction, settlement, and release of and in exchange for each Allowed Claim in Class 3, each such Holder shall receive its Pro Rata share of Cash in the General Unsecured Claims Reserve."

18.     SAP elected to receive a Class 3 Cash-Out Election and, on information and belief, received a distribution from the Debtors under the Plan.

**C.     SAP Fails to Pay Ciber Global the Amounts it is Owed on the Accounts Receivable**

19.     Both prior to and after the Petition Date, the Debtors provided services to SAP in the aggregate amount of $981,997.50.

20.     Despite Ciber Global's demand to SAP for payment in full of $981,997.50 by no

later than 5:00 P.M. on Monday June 24, 2019 in a letter dated June 12, 2019, SAP has failed to pay Ciber Global $981,997.50.

## COUNT I
### Breach of Contract by Account Debtor

21.    Ciber Global incorporates by reference the allegations set forth in Paragraphs 1 through 20 hereof, as if fully stated herein.

22.    SAP was obligated to pay the Debtors $981,997.50.

23.    Ciber Global purchased the Purchased Assets from the Debtors under the Sale Order.

24.    The Purchased Assets include the Accounts Receivable owed to the Debtors by SAP in the amount of $981,997.50.

25.    Ciber Global has notified SAP that it is an account debtor and is obligated to render performance owed to Ciber Global.

26.    SAP has failed to pay the obligations due and owing to Ciber Global for the Accounts Receivable.

27.    Ciber Global is entitled to a judgment against SAP in the amount of $981,997.50 plus prejudgment interest, attorneys' fees, costs, and disbursements.

## COUNT II
### Account Stated

28.    Ciber Global incorporates by reference the allegations set forth in Paragraphs 1 through 27 hereof, as if fully stated herein.

29.    Ciber Global sent SAP a demand letter and statement of account on June 12, 2019 which identified the amounts due and owing to Ciber Global relating to the Accounts Receivable.

30.   SAP has failed to pay Ciber Global all outstanding amounts due and owing relating

to the Accounts Receivable and accordingly is liable to Ciber Global in the amount of $981,997.50

plus prejudgment interest, attorneys' fees, costs, and disbursements.

## COUNT III
## Unjust Enrichment

31.   Ciber Global incorporates by reference the allegations set forth in Paragraphs 1

through 30 hereof, as if fully stated herein.

32.   Ciber Global brings Count III in addition or in the alternative to all other claims

stated in this Complaint, without waiving Ciber Global's right to elect remedies or proceed upon

inconsistent theories.

33.   By provided goods and services to SAP and performing their obligations to SAP,

the Debtors conferred a benefit on SAP in an amount not less than $981,997.50.

34.   Ciber Global purchased the Purchased Assets from the Debtors under the Sale

Order.

35.   The Purchased Assets include the Accounts Receivable owed to the Debtors by

SAP in the amount of $981,997.50.

36.   SAP knowingly accepted the benefits from the Debtors.

37.   It would be inequitable for SAP to retain the benefits of receiving the goods and

services from the Debtors without providing payment to Ciber Global for such benefits.

38.   SAP has been unjustly enriched in the amount of not less than $981,997.50 and

such amount must be paid to Ciber Global.

WHEREFORE, and without electing remedies, Ciber Global respectfully requests that the

Court enter judgment in its favor and against SAP as follows: (a) entering a judgment against SAP

in the amount of $981,997.50 plus prejudgment interest, attorneys' fees, costs, and disbursement

DMEAST #38518139 v1

6

and (b) granting such other relief as is just and equitable.

Date: December 13, 2019

**BALLARD SPAHR, LLP**

By: _____

Clifford Sacalis, Esq.
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
T: (215) 665-8500
F: (215) 864-8999
E: sacaliss@ballardspahr.com

Adam C. Ballinger (*pro hac vice pending*)
2000 IDS Center
80 S. 8th. St.
Minneapolis, MN 55402
T: (612) 371-6203
F: (612) 371-3207
E: ballingera@ballardspahr.com

JS 44 (Rev. 02/19)

# CIVIL COVER SHEET

19-cv-5884

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Ciber Global, LLC, 3270 West Big Beaver Rd., Troy, MI 48084

**DEFENDANTS** SAP America, Inc., 3999 West Chester Pike, Newtown Square, PA 19073

**(b)** County of Residence of First Listed Plaintiff   Oakland Cnty. MI
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Delaware Cnty. PA
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Adam Ballinger & Clifford Sacalis, Ballard Spahr, LLP, 1735 Market St., 51st Floor, Philadelphia, PA 19103, 215-665-8500.

Attorneys *(If Known)*
Donald K. Ludman, Brown & Connery, LLP, 6 North Broad St., Woodbury, NJ 08096

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ❏ 1  U.S. Government Plaintiff
- ❏ 2  U.S. Government Defendant
- ❏ 3  Federal Question *(U.S. Government Not a Party)*
- ☒ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❏ 1 | ❏ 1 | Incorporated *or* Principal Place of Business In This State | ❏ 4 | ☒ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated *and* Principal Place of Business In Another State | ☒ 5 | ❏ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ❏ 110 Insurance | **PERSONAL INJURY**    **PERSONAL INJURY** | ❏ 625 Drug Related Seizure | ❏ 422 Appeal 28 USC 158 | ❏ 375 False Claims Act |
| ❏ 120 Marine | ❏ 310 Airplane   ❏ 365 Personal Injury - | of Property 21 USC 881 | ❏ 423 Withdrawal | ❏ 376 Qui Tam (31 USC |
| ❏ 130 Miller Act | ❏ 315 Airplane Product       Product Liability | ❏ 690 Other | 28 USC 157 | 3729(a)) |
| ❏ 140 Negotiable Instrument | Liability   ❏ 367 Health Care/ | | | ❏ 400 State Reapportionment |
| ❏ 150 Recovery of Overpayment | ❏ 320 Assault, Libel &       Pharmaceutical | | **PROPERTY RIGHTS** | ❏ 410 Antitrust |
| & Enforcement of Judgment | Slander       Personal Injury | | ❏ 820 Copyrights | ❏ 430 Banks and Banking |
| ❏ 151 Medicare Act | ❏ 330 Federal Employers'       Product Liability | | ❏ 830 Patent | ❏ 450 Commerce |
| ❏ 152 Recovery of Defaulted | Liability   ❏ 368 Asbestos Personal | | ❏ 835 Patent - Abbreviated | ❏ 460 Deportation |
| Student Loans | ❏ 340 Marine       Injury Product | | New Drug Application | ❏ 470 Racketeer Influenced and |
| (Excludes Veterans) | ❏ 345 Marine Product       Liability | | ❏ 840 Trademark | Corrupt Organizations |
| ❏ 153 Recovery of Overpayment | Liability   **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ❏ 480 Consumer Credit |
| of Veteran's Benefits | ❏ 350 Motor Vehicle   ❏ 370 Other Fraud | ❏ 710 Fair Labor Standards | ❏ 861 HIA (1395ff) | ❏ 485 Telephone Consumer |
| ❏ 160 Stockholders' Suits | ❏ 355 Motor Vehicle   ❏ 371 Truth in Lending | Act | ❏ 862 Black Lung (923) | Protection Act |
| ❏ 190 Other Contract | Product Liability   ❏ 380 Other Personal | ❏ 720 Labor/Management | ❏ 863 DIWC/DIWW (405(g)) | ❏ 490 Cable/Sat TV |
| ❏ 195 Contract Product Liability | ❏ 360 Other Personal       Property Damage | Relations | ❏ 864 SSID Title XVI | ❏ 850 Securities/Commodities/ |
| ❏ 196 Franchise | Injury   ❏ 385 Property Damage | ❏ 740 Railway Labor Act | ❏ 865 RSI (405(g)) | Exchange |
| | ❏ 362 Personal Injury -       Product Liability | ❏ 751 Family and Medical | | ❏ 890 Other Statutory Actions |
| | Medical Malpractice | Leave Act | | ❏ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS**   **PRISONER PETITIONS** | ❏ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ❏ 893 Environmental Matters |
| ❏ 210 Land Condemnation | ❏ 440 Other Civil Rights   **Habeas Corpus:** | ❏ 791 Employee Retirement | ❏ 870 Taxes (U.S. Plaintiff | ❏ 895 Freedom of Information |
| ❏ 220 Foreclosure | ❏ 441 Voting   ❏ 463 Alien Detainee | Income Security Act | or Defendant) | Act |
| ❏ 230 Rent Lease & Ejectment | ❏ 442 Employment   ❏ 510 Motions to Vacate | | ❏ 871 IRS—Third Party | ❏ 896 Arbitration |
| ❏ 240 Torts to Land | ❏ 443 Housing/       Sentence | | 26 USC 7609 | ❏ 899 Administrative Procedure |
| ❏ 245 Tort Product Liability | Accommodations   ❏ 530 General | | | Act/Review or Appeal of |
| ❏ 290 All Other Real Property | ❏ 445 Amer. w/Disabilities -   ❏ 535 Death Penalty | **IMMIGRATION** | | Agency Decision |
| | Employment   **Other:** | ❏ 462 Naturalization Application | | ❏ 950 Constitutionality of |
| | ❏ 446 Amer. w/Disabilities -   ❏ 540 Mandamus & Other | ❏ 465 Other Immigration | | State Statutes |
| | Other   ❏ 550 Civil Rights | Actions | | |
| | ❏ 448 Education   ❏ 555 Prison Condition | | | |
| | ❏ 560 Civil Detainee - | | | |
| | Conditions of | | | |
| | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ❏ 2 Removed from State Court
- ❏ 3 Remanded from Appellate Court
- ❏ 4 Reinstated or Reopened
- ❏ 5 Transferred from Another District *(specify)*
- ❏ 6 Multidistrict Litigation - Transfer
- ❏ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
28 U.S.C. 1332
Brief description of cause:
Plaintiff is assignee of accounts receivable reflecting amounts owed by defendant. Defendant has refused to pay.

## VII. REQUESTED IN COMPLAINT:
- ❏ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**  981,997.50

CHECK YES only if demanded in complaint:
**JURY DEMAND:**  ❏ Yes  ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DEC 13 2019

DATE   12/13/2019

SIGNATURE OF ATTORNEY OF RECORD

## FOR OFFICE USE ONLY
RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

GJP                                                                          19cv5884

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ Ciber Global, LLC, 3270 West Big Beaver Rd., Troy, MI 48084 _____

Address of Defendant: _____ SAP America, Inc., 3999 West Chester Pike, Newtown Sqaure, PA 19073 _____

Place of Accident, Incident or Transaction: _____ Wilmington, Delaware _____

---

**RELATED CASE, IF ANY:**

Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year   Yes ☐   No ☐
   previously terminated action in this court?

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit   Yes ☐   No ☐
   pending or within one year previously terminated action in this court?

3. Does this involve the validity or infringement of a patent already in suit or any earlier   Yes ☐   No ☐
   numbered case pending or within one year previously terminated action of this court?

4. Is this a case a second or successive habeas corpus, social security appeal, or pro se civil rights   Yes ☐   No ☐
   case filed by the same individual?

I certify that, to my knowledge, the within case ☐ is / ☑ is **not** related to any case now pending or within one year previously terminated action in
this court except as noted above.

DATE: 12/13/2019 _____   _____ *(sign here)* _____   313765 _____
                          *Attorney-at-Law / Pro Se Plaintiff*        *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

**A.** *Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☐ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
     *(Please specify):* _____

**B.** *Diversity Jurisdiction Cases:*

☑ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
     *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____ Clifford Sacalis _____ , counsel of record *or* pro se plaintiff, do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case
   exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

                                                                          DEC 13 2019

DATE: 12/13/2019 _____   _____ *(Sign here if applicable)* _____   313765 _____
                          *Attorney-at-Law / Pro Se Plaintiff*        *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.



# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| *Ciber Global, LLC, Plaintiff* | : | CIVIL ACTION |
| v. | : | |
| *SAP America, Inc., Defendant* | : | NO. 19cv5884 |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits.                               ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
exposure to asbestos.                                                                        ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court. (See reverse side of this form for a detailed explanation of special
management cases.)                                                                           ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.          (X)


| | | |
|---|---|---|
| *12/13/2019* | *Clifford Sacalis* | *Ciber Global, LLC* |
| **Date** | **Attorney-at-law** | **Attorney for** |
| *215-665-8500* | *215-864-8999* | *sacaliss@ballardspahr.com* |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

DEC 13 2019

*Clifford Sacalis, Esq.*